# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for DSLA Mortgage Loan Trust 2004-AR4,<br><br>Plaintiff,<br><br>vs.<br><br>CELESTE LOUDON, DAVID LOUDON,<br><br>Defendants. | CASE NO. 18cv2507-LAB (NLS)<br><br>**ORDER FOLLOWING HEARING ON ORDER TO SHOW CAUSE RE: SANCTIONS** |

Defendants Celeste and David Loudon removed this same controversy[1] three times from state court. Each time, a different U.S. District Judge issued a written order, explaining in detail why the Court lacked jurisdiction and why the case was not removable. When they removed the same dispute a fourth time, the Court remanded it, but retained jurisdiction over the issue of whether they should be sanctioned. The Court ordered the Loudons to file a response, which they failed to do. The Court then ordered them to appear at a hearing on February 15 and show cause why they should not be sanctioned. The Loudons then filed a late response, arguing that they had good motives and asking to be excused from appearing. The Court denied this request, and they appeared at the hearing as ordered.

---

[1] The same dispute was brought in state court multiple times. But each case involved the same parties, the same residential property, and the same claims. There was no meaningful difference between the cases, and the Loudons did not argue otherwise.

The Loudons had an opportunity to explain their actions, and to respond to the Court's questions. Because they were present in the courtroom, the Court had a full opportunity to observe their demeanor and understand their position. They argued that they had been the victims of fraud years ago, and as a result had lost their house, which was sold in a foreclosure sale. They removed this unlawful detainer action as a way of asserting a counterclaim in an effort to set aside the foreclosure sale.

The Court pointed out that three different federal judges had explained to them in reasoned orders that the dispute was not removable. The Loudons did not dispute this, but argued that they had been told by "legal people" who were not lawyers that they should remove the case anyway. The "legal people," they said, told them the state court could or would not protect their due process rights and that the case belonged in federal court. The only explanation they offered for ignoring the judges' orders was that these "legal people" had advised them to do so.

Practicing law without a license is illegal in California. Cal. Bus. & Prof. Code, § 16240. Accepting legal advice from people who either don't understand or are unwilling to obey this law is, at best, foolish. And it certainly provides no reason for ignoring the orders of three different federal judges. Furthermore, the advice was completely wrong, and the Loudons had every reason to know it. They told the Court they believed state court judges would not afford them due process. Yet they admitted Judge Kreep ruled in their favor in the first unlawful detainer action, and dismissed it. The real reason for the multiple removals, the Court finds, was to delay foreclosure and eviction that the Loudons knew or suspected was imminent.

The Court finds that the Loudons knew what they were doing was wrong, but because of their desperation to delay foreclosure, did it anyway. The Court also finds that the Loudons violated Fed. R. Civ. P. 11(b)(2). They did not make "an inquiry reasonable under the circumstances" to confirm that their legal contentions were warranted under law. Rather, they were specifically told three times before by judges that their contentions were not warranted under the law, and had every reason to know that the notice of removal they filed in this case

was frivolous. Even without any finding of improper purpose, this is enough of a reason to impose sanctions under Rule 11(b)(2).  *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990); *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986).

But the Court also finds the Loudons filed their notice of removal for an improper purpose in violation of Rule 11(b)(1), namely, to gain an illicit advantage over their opponents and delay foreclosure and eviction.  While wanting to avoid foreclosure and eviction are very understandable motives, using unlawful means to delay them is not allowed. Specifically, Fed. R. Civ. P. 11(b)(1) makes clear that an intent to cause unnecessary delay is an improper purpose.

The Court finds the Loudons violated Fed. R. Civ. P. 11(b) and may be sanctioned as provided under Rule 11(c)(1) and (3). Having done so, the Court determines that reprimanding them on the record and admonishing them to avoid such foolish and ill-judged actions in the future will suffice to deter repetitions of this misbehavior.  *See* Rule 11(c)(4); *Pony Express Courier Corp. of America v. Pony Express Delivery Serv.*, 872 F.2d 317, 319 (9th Cir. 1989) (holding that public censure as a sanction was within the court's discretion).

The Court reiterated its earlier order, forbidding the Loudons to remove or attempt to remove any unlawful detainer actions concerning this same residential property.  If they violated that order, the Court cautioned them, they could face worse sanctions, including fines or jail. The Court now reminds them of that order.

Having done this, the Court now **DISCHARGES** its order to show cause.

**IT IS SO ORDERED**.

DATED: February 19, 2019

*[signature]*

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge